United States District Court
District of Massachusetts

_____
                                    )
Melissa Rocha,                      )
                                    )
          Plaintiff,                )
                                    )
              v.                    )     Civil Action No.
                                    )     19-12086-NMG
Zwicker & Associates, P.C.          )
                                    )
          Defendant.                )
_____)

MEMORANDUM & ORDER

GORTON, J.

In this putative class action, Melissa Rocha ("Rocha" or "plaintiff") contends that Zwicker & Associates, P.C. ("Zwicker" or "defendant") violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("the FDCPA"), by sending her a letter in an effort to collect credit card debt. Pending before the Court are the parties' cross-motions for summary judgment.

I.   **Background**

     **A.  Factual Background**

The parties have stipulated to the following facts and have agreed to defer discovery until the Court decides the pending motions for summary judgment. They have also agreed to a similar deferral of the class certification issue.

Rocha is a resident of the Commonwealth of Massachusetts. Zwicker is a law firm with its principal office located in Andover, Massachusetts.  A regular part of its practice is the collection of consumer debts owed to its clients.

On April 30, 2019, Zwicker sent a letter to Rocha ("the Collection Letter") in an attempt to collect a debt owed to Zwicker's client, Discover Bank ("Discover").  The Collection Letter was titled "NOTICE OF IMPORTANT RIGHTS" and the first page of the letter read:

> YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST
> THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE
> TO YOU AT YOUR PLACE OF EMPLOYMENT.  ANY SUCH ORAL
> REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU
> PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED
> OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST.  YOU
> MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

The Letter further notified plaintiff that Zwicker was a debt collection firm attempting to collect a debt and that important notices that may affect her rights appeared on the back page of the letter.

The back page included a disclaimer that Zwicker was "required under state law to notify consumers of [certain] rights" and that the Collection Letter "[did] not contain a complete list of the rights consumers have under state and federal law."  It further provided "[t]o all consumers" that

"[f]ederal law or other state laws may also provide . . .
similar or even greater rights."

### B.  Procedural Background

Plaintiff filed her putative class action complaint in
October, 2019.  In February, 2020, the parties requested that
the Court adjourn the initial scheduling conference and allow
them to file cross motions for summary judgment.  The Court
allowed the parties' joint motion and ordered that dispositive
motions be filed by March 31, 2020.  At the parties' request,
the Court extended that deadline to April 30, 2020, whereupon
the parties timely filed their cross motions, oppositions and
replies.

### C.  Statutory and Regulatory Background

The FDCPA regulates the manner and method by which a debt
collector may contact a delinquent consumer.  Debt collectors
are strictly liable for any violations of the FDCPA. Harrington
v. CACV of Colo., LLC, 508 F. Supp. 2d 128, 132 (D. Mass. 2007).

A debt collector may not communicate with a consumer at any
"unusual time or place" or any "time or place known or which
should be known to be inconvenient to the consumer." 15 U.S.C.
§ 1692c(a)(1).  A debt collector must also refrain from
contacting a consumer at her place of employment if the debt

collector knows or has reason to know that the consumer's employer prohibits such communications. § 1692c(a)(3). Furthermore, a debt collector may not use any "false, deceptive, or misleading representation or means" to collect a debt. § 1692e.  Relevant to this case is the prohibition against threats to take

> any action that cannot legally be taken or that is not intended to be taken [and the] use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

§ 1692e(5),(10).

The FDCPA does not preempt state debt collection laws "except to the extent [such] laws are inconsistent with [the FDCPA], and then only to the extent of the inconsistency." § 1692n.  State law is not inconsistent with the FDCPA if the protection it affords consumers is greater than the protection provided by the FDCPA. Id.

Pursuant to Massachusetts law, it is an unfair or deceptive act or practice for a creditor to contact a debtor by

> (h) Placing any telephone calls to the debtor's place of employment if the debtor has made a written or oral request that such telephone calls not be made at the place of employment, provided that any oral request shall be valid for only ten days unless the debtor provides written confirmation postmarked or delivered within seven days of such request. . .

(i) Failing to send the debtor the following notice in writing within 30 days after the first communication to a debtor at his or her place of employment regarding any debt. . .

**NOTICE OF IMPORTANT RIGHTS**

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

940 CMR §§ 7.04(h),(i) ("the Massachusetts Regulation").

## II.  Cross Motions for Summary Judgment

### A.  Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material

fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

### B. Arguments of the Parties

Plaintiff submits that Zwicker violated the FDCPA, particularly 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), by sending her the Collection Letter in accordance with the Massachusetts Regulation. Plaintiff contends that defendant cannot avoid liability by relying on the Massachusetts Regulation because it is inconsistent with and thereby preempted by the FDCPA.

Defendant responds that the Collection Letter complied with and was mandated by the Massachusetts Regulation which affords greater protection to consumers and is, therefore, not preempted by the FDCPA.  Defendant contends, in the alternative, that if the Court finds that compliance with the Massachusetts Regulation violates the FDCPA, the preemption provision of the FDCPA is unconstitutionally vague.

### C. Analysis

The FDCPA is a remedial statute enacted to redress "the use of abusive, deceptive, and unfair debt collection practices." Pollard v. Law Office of Mandy L. Spaulding, 766 F.3d 98, 101 (1st Cir. 2014).  To recover under the FDCPA, a consumer need not show that the debt collector acted intentionally or even caused the consumer to suffer actual damages. Lannan v. Levy & White, 186 F. Supp. 3d 77, 91 (D. Mass. 2016).  As a strict liability statute, the FDCPA is "construed liberally so as to effectuate its remedial purpose." Id. (internal quotations omitted).  To that end, challenged communications must be viewed through the lens of an unsophisticated consumer. Pollard, 766 F.3d at 103.  Although objective, that standard is meant to protect "all consumers, including the inexperienced, the untrained and the credulous." Id. at 103-104.

To prevail on her claim then, plaintiff must demonstrate

(1) that she was the object of collection activity
arising from consumer debt, (2) defendant[] [is a]
debt collector[] as defined by the FDCPA, and
(3) defendant[] engaged in an act or omission
prohibited by the FDCPA.

O'Connor v. Nantucket Bank, 992 F. Supp. 2d 24, 30 (D. Mass.

2014) (quoting Som v. Daniels Law Offices, P.C., 573 F. Supp. 2d

349, 356 (D. Mass. 2008)).

Defendant does not dispute the first two elements.  Rocha

was the subject of Zwicker's collection activity arising from

her consumer debt to Discover and Zwicker is a debt collector as

contemplated by the FDCPA.  The only remaining issue is,

therefore, whether Zwicker violated by the FDCPA by sending the

Collection Letter to Rocha.

### 1. Preemption

The parties have stipulated that Zwicker was required to

send the Collection Letter to comply with the Massachusetts

Regulation.  Relying on 15 U.S.C. § 1692n, Rocha contends that

the FDCPA provides greater protections to consumers and,

therefore, preempts the Massachusetts Regulation.  A plain

reading of the relevant provisions demonstrates, however, that

plaintiff is mistaken.

The FDCPA forbids a debt collector from contacting a consumer "at any unusual time or place," at any time which should be known to be inconvenient or at the consumer's place of employment if the debt collector knows or should know that the consumer's employer prohibits such communication. 15 U.S.C. § 1692a(1),(3).  A consumer need not take any affirmative action to avail herself of those protections.  The Massachusetts Regulation, in contrast, provides that a consumer may request that a debt collector stop contacting her at work for any reason or no reason at all but, if such a request is made orally, it is valid for only ten days unless followed up by a written request within one week. 940 C.M.R. § 7.04.

Unlike the FDCPA, the Massachusetts Regulation does not require a consumer to provide any reason for requesting a cessation of calls at work.  Although a consumer must make such a request, she need not demonstrate that her employer forbids such calls or provide any reason whatsoever in support of her request.  Thus, the Massachusetts Regulation provides consumers with an additional protection and is broader than the FDCPA. See Roudebush v. Collecto, Inc., No. 1:03-CV-1126 RLY-WTL, 2004 WL 3316168, *5 (S.D. Ind. Nov. 12, 2004) (concluding a notice including the Massachusetts Regulation language "goes beyond the requirements of the FDCPA by allowing for any debtor to refuse

- 9 -

calls at work for any reason"). Accordingly, the Massachusetts regulation is not preempted by the FDCPA.

### 2. Whether the Collection Letter Violated the FDCPA

Rocha submits that, even if the Massachusetts Regulation is not preempted, the Collection Letter violated the FDCPA because it disclosed only certain rights under state law and omitted other federal rights. To prevail on her claim, plaintiff must demonstrate that the least sophisticated consumer would have been misled by the Collection Letter. Pollard, 766 F.3d at 103-04. Rocha cannot meet that standard.

The Collection Letter contained sufficient disclosures to notify its recipient of the existence of additional rights under federal law and laws of states other than Massachusetts. It explicitly notified plaintiff that

> [i]mportant notices appear[ed] on the back of th[e] letter [and she should] read [those notices] as they may affect [her] rights.

The back page of the Letter included a disclaimer that Zwicker was

> required under state law to notify consumers of [certain] rights [and the Collection Letter did] not contain a complete list of the rights consumers have under state and federal law.

It further explained that the disclosures provided were not exhaustive and that "[f]ederal law or other state laws may also provide . . . similar or even greater rights."

Even the least sophisticated consumer would not have been misled in the context of such disclaimers to believe that the Collection Letter explained the full extent of a consumer's right to stop debt collection calls.  That conclusion is supported by the fact that, while the Massachusetts Regulation requires debt collectors to notify consumers of their rights, the FDCPA contains no such mandate.

To adopt plaintiff's argument would read into the FDCPA a requirement that whenever state law compels notification of certain rights, a corresponding disclosure of FDCPA rights must be included.  Congress declined to impose such a requirement on debt collectors in the FDCPA and it would be an overreach of judicial authority for this Court to, in effect, create one. See, e.g. White v. Goodman, 200 F.3d 1016, 1020 (7th Cir. 2000) (holding that "[s]ince the [FDCPA] does not require that a copy or summary of it be furnished with every (or any) dunning letter," it is not misleading for debt collectors to inform consumers of their rights under Colorado law); Brown v. ACB Bus. Servs., Inc., No. 95-CV-10197, 1996 WL 469588, at *3 (S.D.N.Y. Aug. 16, 1996) ("If this Court held that any debt collector who

included state . . . but not federal rights notifications in its collection letters violated the FDCPA, the Court would in effect write a notification requirement into the FDCPA."). See also Jackson v. Immediate Credit Recovery, Inc., No. 05-cv-5697, 2006 WL 3453180, at *5 (E.D.N.Y. Nov. 28, 2006).

Accordingly, there is no genuine issue of material fact to be tried in this action and Zwicker is entitled to judgment as a matter of law.

**ORDER**

For the foregoing reasons, the motion of defendant Zwicker & Associates, P.C. for summary judgment (Docket No. 16) is **ALLOWED** and the motion of plaintiff Melissa Rocha for summary judgment (Docket No. 20) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 23, 2020